IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE JACOB ANDERSON,

                      Plaintiff,

   v.

DISCOVERY MEDIA CO/PRODUCERS,
POLK COUNTY SHERIFF DEPT/BRENT WAAK,
POLK COUNTY DISTRICT ATTORNEY OFFICE/
MARK BILLER, and YOU TUBE MEDIA,

                      Defendants.

OPINION and ORDER

23-cv-392-jdp

---

Thirty years ago, when he was a teenager, plaintiff Jesse Jacob Anderson was a witness in a multiple-homicide case. He has now filed a lawsuit against government officials who disclosed information about his involvement in the case in a documentary TV show and against media companies who produced or aired the show. Appearing without counsel, Anderson originally filed this lawsuit in the United States District Court for the District of Minnesota. That court transferred the case here because the events at issue took place in Polk County and because none of the defendants reside in Minnesota. Dkt. 4.

Because Anderson seeks to proceed without prepayment of the entire filing fee, the next step is for me to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Anderson's current allegations fail to state a claim for relief. I will give him a chance to file an amended complaint better explaining his claims.

ALLEGATIONS OF FACT

Anderson's allegations are relatively sparse. I draw the following from his complaint and attached documents. Dkt. 1. In the early 1990s, when Anderson was a minor, he was a "state key witness" in a multiple-homicide case against his stepbrother Bruce Brenizer. Anderson states that he was traumatized by the events he witnessed and was forced to testify about.

Decades later, defendants Mark Biller, the Polk County district attorney who prosecuted the case; and Sheriff Brent Waak participated in a TV documentary for the show "Hometown Killings" on the Discovery Channel, owned by defendant Discovery Media. Anderson says that the documentary is also available on YouTube, owned by defendant You Tube Media. As part of the production of the documentary, the Polk County sheriff's office and district attorney's office released juvenile records or other records that Anderson states are confidential under Wisconsin law. In the documentary, defendant Biller discussed Anderson by name, and footage of a police interview with Anderson was included. Anderson states that he never gave consent for his name or likeness to be used, and that his mental health was harmed by the documentary recalling those past events, leading to the loss of employment and other damages.

ANALYSIS

Anderson mentions both federal and state-law legal theories in his complaint. Even if he didn't name any federal-law theories, he alleges that he and defendants are citizens of different states and that he has suffered $1.5 million in damages from lost wages and harm to his mental health and reputation. So regardless of his federal-law claims this court could likely

exercise diversity jurisdiction over his state-law claims. But Anderson's current allegations fail to state claims for relief under either federal or state law.

Anderson's complaint is somewhat difficult to follow, but I take him to be arguing two types of legal theories: (1) that defendants harmed his right to privacy by disclosing confidential information about him from the criminal proceedings and using it in the show; and (2) that defendants exploited his name and likeness on the show.

## A.  Right to privacy

Anderson alleges that government officials Biller and Waak violated his rights under the Third, Fourth, and Fourteenth Amendments and Wis. Stat. §§ 950.055 and 995.50 by releasing what he calls "juvenile records" to the producers of the TV show, in particular a witness statement that he made in Brenizer's case. Both Anderson and Brenizer were juveniles at the time of the prosecution but Brenizer was prosecuted in adult court. *See State v. Brenizer*, Polk County Case No. 1992CF45. Anderson was not prosecuted.

The scope of constitutional privacy rights is not fully developed. Courts have articulated a constitutional right to specific types of informational privacy under the Fourteenth Amendment, such as for certain medical or financial information. *See, e.g.*, *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977); *Denius v. Dunlap*, 209 F.3d 944, 955–56 (7th Cir. 2000). So that is the constitutional provision that I will consider. Anderson doesn't seem to be alleging that defendants disclosed those types of information, although his allegations are too vague to tell exactly what he believes that defendants improperly disclosed. If by his reference to "witness statement" he means his account of interactions with Brenizer before and after the murders, that account was already part of open court proceedings in the *Brenizer* case and were publicized at the time. *See, e.g.*, Richard Meryhew, *A year later, chilling details unfold in Brenizer killings*, Star

3

Tribune (Minneapolis), Apr. 15, 1992, at 1B, 1992 WLNR 3935477 (discussing Anderson's account detailed in court documents); Robert Imrie, *Teen to stand trial in family slayings*, Wis. St. J. (Madison), May 20, 1992, at 5D, 1992 WLNR 3465528 (discussing Anderson's testimony at Brenizer's preliminary hearing).

I take Anderson to be saying that defendants' disclosure violated state law under Wis. Stat. §§ 950.055 and 995.50. Violations of state statutes do not in themselves mean that a party has violated the Constitution. Nor do Anderson's allegations state a claim for relief under Wisconsin law.

Section 950.055 is titled "Child victims and witnesses; rights and services" and states that "[t]he legislature urges the news media to use restraint in revealing the identity of child victims or witnesses, especially in sensitive cases," but it doesn't articulate the basis for a private cause of action against individuals or entities who disclose that information, and in any event Anderson's account was already disclosed at the time of the criminal case. I am aware of no other Wisconsin statute explicitly prohibiting the disclosure of juvenile-witness testimony in an adult-court criminal case.

Section 995.50 codifies Wisconsin torts related to the invasion of privacy. The closest fit for what Anderson appears to be alleging with this legal theory is § 995.50(2)(am)3, which creates a cause of action for the publication of private information. But that provision expressly states that "[i]t is not an invasion of privacy to communicate any information available to the public as a matter of public record." Anderson fails to explain how the information disclosed was not part of the public record, so he doesn't state a claim under this theory.

## B. Right of publicity

Anderson contends that defendants "[e]xploited" his name and likeness with the TV show. Dkt. 1, at 4. Construing Anderson's complaint broadly, his allegations relate to possible causes of action under both federal and state law. Under a portion of the Lanham Act, 15 U.S.C. § 1125(a)(1), a person may bring a "false endorsement" claim when "a person's identity is connected with a product . . . in such a way that consumers are likely to be misled about that person's sponsorship or approval of the product." *Stayart v. Yahoo! Inc.*, 651 F. Supp. 2d 873, 880 (E.D. Wis. 2009), *aff'd*, 623 F.3d 436 (7th Cir. 2010). But to have standing to bring such a claim, the plaintiff must at least have the intent to commercialize his name. *Id.* at 881. Anderson does not allege such an interest here, so he cannot pursue a Lanham Act claim. *See also Dovenmuehle v. Gilldorn Mortg. Midwest Corp.*, 871 F.2d 697, 701 (7th Cir. 1989) (The "emotional desire to prevent others from using the name may be understandable, but that desire does not create Lanham Act standing.").

Wis. Stat. § 995.50(2)(am)2 prohibits the unauthorized use of a living person's "name, portrait, or picture" for advertising purposes or for purposes of trade. But this type of claim in unavailable "'where a matter of legitimate public interest is concerned.'" *Bogie v. Rosenberg*, 705 F.3d 603, 614 (7th Cir. 2013) (quoting *Van Straten v. Milwaukee Journal Newspaper–Publisher*, 151 Wis. 2d 905, 921, 447 N.W.2d 105 (Wis. App. 1989). Under this exception to identity-misappropriation law, defendants were free to air a documentary TV show about the *Brenizer* case and Anderson's involvement in it. Anderson doesn't state a claim under § 995.50(2)(am)2.

## C. Conclusion

As currently constructed, Anderson's complaint does not state a claim for relief that can be considered in this court. But because he appears without counsel, I will not dismiss the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("when a plaintiff—especially [an unrepresented] plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). His current allegations are vague enough that it's possible that he could provide more detail that would explain why he thinks that defendants violated his rights under federal or state law, so I will give him a chance to file an amended complaint. In drafting his amended complaint, Anderson should remember to state his allegations as if he were telling a story to someone who knows nothing about the events. In particular, he should explain specifically what information defendant disclosed that he believes violated his rights, and why he believes he had a right to keep that information private.

If Anderson fails to respond to this order, I will dismiss the case for his failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until May 28, 2024, to submit an amended complaint.

Entered May 7, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

6